IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR212 |
| | § | Judge Mazzant |
| FEDERICO ANDRES MACHADO (4) | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money
Laundering)

From in or about 2010, and continuing thereafter up to and including May 5, 2021, in the Eastern District of Texas, and elsewhere, **Federico Andres Machado**, defendant, did knowingly combine, conspire, and agree with others known and unknown to the United States Attorney, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, that is:

(a)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the property involved in the transaction and attempted transaction represented the proceeds of some form of unlawful activity, which involved the proceeds of specified unlawful activity, that is, wire fraud and wire fraud conspiracy with the intent to promote the carrying on of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

**Information – Page 1**

(b)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the property involved in the transaction and attempted transaction represented the proceeds of some form of unlawful activity, which involved the proceeds of specified unlawful activity, that is, wire fraud and wire fraud conspiracy while knowing that the transaction was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

(c)    to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds, from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. § 1956(a)(2)(A);

(d)    to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds, from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds were proceeds of some form of unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

Information – Page 2

(e)     to knowingly engage and attempt to engage in a monetary transaction of a value greater than $10,000, by, through, and to a financial institution affecting interstate and foreign commerce,  knowing that the transaction and attempted transaction involved criminally derived property, such property having been derived from specified unlawful activity, that is, wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. § 1957.

In violation of 18 U.S.C. § 1956(h).

## COUNT TWO

> Violation: 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

From in or about 2010 and continuously thereafter up to and including May 5, 2021, the exact dates being unknown to the United States Attorney, in the Eastern District of Texas and elsewhere, **Federico Andres Machado,** along with others, both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343, wire fraud, that is to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

### The Co-Conspirators and Their Corporate Entities

**Aircraft Guaranty Corporation Holdings (AGC)** was founded in Onalaska, Texas, Eastern District of Texas. In December 2014, Debbie Mercer-Erwin purchased AGC.

Information – Page 3

**Wright Brothers Aircraft Title, Inc. (WBAT)** is an Oklahoma corporation with a principal place of business in Oklahoma at 928 SW 107th Street, Oklahoma City, Oklahoma 73170. WBAT often acts as an escrow agent in aircraft purchase transactions involving AGC and other co-conspirators. WBAT shares resources, office space, and employees with AGC. At times, it makes FAA filings related to AGC aircraft. WBAT, through its principals and agents, and its co-conspirators funnels money through refundable deposits placed on un-sellable aircraft during bogus sales transactions.

**South Aviation, Inc. (SAI)** is a Florida corporation, with its principal place of business located at 1470 Lee Wagener Boulevard, Suite 100, Ft. Lauderdale, Florida 33315. SAI acts as a broker for third-party buyers of aircraft.

**Pampa Aircraft Financing (PAF)** is a Florida corporation, with its principal place of business located at 1470 Lee Wagener Blvd, Suite 100, Ft. Lauderdale, Florida 33315. PAF acts as a broker for third-party buyers of aircraft.

**Federico Andres Machado** owns and operates SAI and PAF.

### Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to achieve its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Eastern District of Texas and elsewhere, the following acts among others:

Beginning on a date unknown, but no later than 2016, **Machado** devised a scheme and artifice, namely a "Ponzi" scheme, to defraud persons and to obtain money by means of false and fraudulent pretenses, representations, and promises.

Information – Page 4

1.      On or about September 27, 2019, SAI, and WBAT entered into a series of agreements for the sale of an unsellable plane. The plane was unsellable because it belonged to a private airline and was located in China. On or about September 27, 2019, a company known to the United States Attorney as "UC1" and SAI entered into a letter agreement regarding a refundable deposit on an aircraft. **Machado** signed this agreement on behalf of SAI. That same day, UC1 entered into an Escrow Agreement with WBAT. A co-conspirator signed this agreement on behalf of WBAT.

2.      In or about December 2019, UC1 approached a legitimate bank known to the United States Attorney as "LB1" to secure a loan to perpetuate the scheme.  On or about January 14, 2020, **Machado** spoke with the CEO of LB1 over the phone about the proposed transaction. The proposed buyer in this transaction was SAI and the proposed escrow company was WBAT. UC1 engaged LB1 in a series of negotiations surrounding this proposal.  UC1 provided LB1 the serial number and registration of the aircraft. It did not correspond to any existing aircraft records. When asked about the discrepancy, UC1 responded that the information it originally provided was incorrect. UC1 provided a new registration number. This number corresponded to an aircraft that was decommissioned in 2017.

3.      On or about February 28, 2019, SAI and WBAT entered into a series of agreements for the sale of an unsellable aircraft. The aircraft was unsellable because the aircraft has belonged to All Nippon Airways Co., LTD. since 2010 and was registered in Japan.  On February 28, 2019, UC1 and SAI entered into a letter agreement regarding a refundable deposit on an aircraft. **Machado** signed this agreement on behalf of SAI. That

same day, UC1 and SAI entered into an escrow agreement with WBAT. **Machado** signed this agreement on behalf of SAI.

4.     On or about November 12, 2020, PAF, and Rusty 115 Corp entered into an agreement for the sale of an unsellable aircraft utilizing WBAT. The aircraft was unsellable because the aircraft belonged to Air India and was not for sale.  This agreement was for $5,000,000 refundable deposit on the unsellable aircraft. **Machado** signed this agreement on behalf of PAF.  $550,000 was subsequently transferred to **Machado** by WBAT for use other than the purchase of the aircraft.

5.     To further the Ponzi scheme, co-conspirators directed funds from the WBAT escrow account to **Machado** within hours of the lender depositing them. **Machado** then used those funds for purposes other than the purchase of the aircraft.

All in violation of 18 U.S.C. § 1349.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(2)

As a result of committing the offenses as alleged in this Information, defendants shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(2) any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violations, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violations, including but not limited to the following:

    a.    Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

    b.    Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violation.

Information – Page 6

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY


HEATHER RATTAN
Assistant United States Attorney
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
Heather.Rattan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing with a copy sent to defense counsel.


HEATHER RATTAN
Assistant United States Attorney

Information – Page 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR212 |
| | § | Judge Mazzant |
| FEDERICO ANDRES MACHADO (4) | § | |

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. § 1956(h) in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1957

Penalty:    Not more than 20 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss. A term of supervised release of not more than 3 years.

Special Assessment:  $100.00

### Count Two

Violation:    18 U.S.C. § 1349

Penalty:    Not more than 20 years imprisonment; a fine not to exceed $250,000 or both. A term of supervised release of not more than 5 years.

Special Assessment:  $100.00

**Information – Page 8**