IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR212 |
| | § | Judge Mazzant |
| FEDERICO ANDRES MACHADO (4) | § | |

## FACTUAL BASIS

The defendant, **Federico Andres Machado**, hereby stipulates and agrees that at all times relevant to the Information herein, the following facts were true:

1. That the defendant, **Federico Andres Machado,** who is changing his plea to guilty, is the same person charged in the Information.

2. That **Federico Andres Machado** and one or more persons in some way or manner made an agreement to commit the crimes charged in the **Information**, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the property involved in the transaction and attempted transaction represented the proceeds of some form of conspiracy to commit wire fraud.

3. That **Federico Andres Machado** and one or more persons in some way or manner made an agreement to commit the crimes charged in the **Information**, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the property involved in the transaction and attempted transaction represented the proceeds of form of conspiracy to commit wire fraud.

Factual Basis
Page 1

4.    That **Federico Andres Machado** and one or more persons in some way or manner made an agreement to commit the crimes charged in the **Information**, to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds, from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with intent to promote the carrying on of wire fraud conspiracy.

5.    That **Federico Andres Machado** and one or more persons in some way or manner made an agreement to commit the crimes charged in the **Information**, to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds, from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds were proceeds of some form of unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of wire fraud conspiracy.

6.    That **Federico Andres Machado** and one or more persons in some way or manner made an agreement to commit the crimes charged in the **Information**, to knowingly engage and attempt to engage in a monetary transaction of a value greater than $10,000, by, through, and to a financial institution affecting interstate and foreign commerce, knowing that the transaction and attempted transaction involved criminally derived property, such property having been derived from wire fraud conspiracy.

Factual Basis
Page 2

7.     That **Federico Andres Machado** did knowingly and willfully combine, conspire, confederate, and agree to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

8.     That on or about September 27, 2019, SAI and WBAT entered into a series of agreements for the sale of an unsellable plane. The plane was unsellable because it belonged to a private airline and was located in China. On or about September 27, 2019, a company known to the United States Attorney as "UC1" and SAI entered into a letter agreement regarding a refundable deposit on an aircraft. **Machado** signed this agreement on behalf of SAI. That same day, UC1 entered into an Escrow Agreement with WBAT. A co-conspirator signed this agreement on behalf of WBAT.

9.     That in or about December 2019, UC1 approached a legitimate bank known to the United States Attorney as "LB1" to secure a loan to perpetuate the scheme.  On or about January 14, 2020, **Machado** spoke with the CEO of LB1 over the phone about the proposed transaction. The proposed buyer in this transaction was SAI and the proposed escrow company was WBAT. UC1 engaged LB1 in a series of negotiations surrounding this proposal.  UC1 provided LB1 the serial number and registration of the aircraft. It did not correspond to any existing aircraft records. When asked about the discrepancy, UC1 responded that the information it originally provided was incorrect. UC1 provided a new

Factual Basis
Page 3

registration number. This number corresponded to an aircraft that was decommissioned in 2017.

10.    On or about February 28, 2019, SAI and WBAT entered into a series of agreements for the sale of an unsellable aircraft. The aircraft was unsellable because the aircraft has belonged to All Nippon Airways Co., LTD. since 2010 and is registered in Japan.  On February 28, 2019, UC1 and SAI entered into a letter agreement regarding a refundable deposit on an aircraft. **Machado** signed this agreement on behalf of SAI. That same day, UC1 and SAI entered into an escrow agreement with WBAT. **Machado** signed this agreement on behalf of SAI.

11.    On or about November 12, 2020, PAF, and Rusty 115 Corp entered into an agreement for the sale of an unsellable aircraft utilizing WBAT. The aircraft was unsellable because the aircraft belonged to Air India and was not for sale.  This agreement was for $5,000,000 refundable deposit on the unsellable aircraft. **Machado** signed this agreement on behalf of PAF.  $550,000 was subsequently transferred to **Machado** by WBAT for use other than the purchase of the aircraft.

12.    To further the Ponzi scheme, co-conspirators directed funds from the WBAT escrow account to **Machado** within hours of the lender depositing them. **Machado** then used those funds for purposes other than the purchase of the aircraft.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this Factual Basis and the Information and have discussed them with my attorney. I fully understand the contents of this Factual Basis and agree without

Factual Basis
Page 4

reservation that it accurately describes the events and my acts.

Dated: __May 4, 2026__

_____
FEDERICO ANDRES MACHADO
Defendant

## COUNSEL FOR DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this Factual Basis and the Information and have reviewed them with my client. Based upon my discussions with the defendant, I am satisfied that the defendant understands the Factual Basis and the Information.

Dated: __May 11, 2026__

_____
JAMIE SOLANO
Attorney for the Defendant

Factual Basis
Page 5